D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

                   Plaintiff,                           **MEMORANDUM & ORDER**

        -against-                             12-CV-5633 (NGG) (MDG)

DIANE SACO and SUZANNE KUSULAS,

                 Defendants.
----------------------------------------------------------------X
SUZANNE KUSULAS, as Assignee of the Rights
of DIANE SACO,

                 Plaintiff,

        -against-                             15-CV-634 (NGG) (MDG)

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, ALAN SIEGELWAX, PAUL
FEINMAN, and HELEN INDJEYIANNIS,

                 Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Currently before the court in these related cases are the motions of Suzanne Kusulas ("Kusulas"), as Assignee of the Rights of Diane Saco, (1) to remand Case Number 15-CV-634 (NGG) (MDG) (the "Bad Faith Action") to New York Supreme Court, Kings County, and (2) to stay or dismiss Case Number 12-CV-5633 (NGG) (MDG) (the "Declaratory Judgment and Breach of Contract Action") on abstention grounds. For the reasons discussed below, both motions are DENIED.

I.      **BACKGROUND**

The court assumes familiarly with the underlying state court personal injury action that lead to the current litigations between Kusulas and Government Employees Insurance Company

1

("GEICO"). (See generally Mar. 31, 2015, Mem. & Order (Dkt. 90)[1] at 2-4.) In brief, the current litigations concern the parties' respective rights and obligations under two insurance policies issued by GEICO. In the Declaratory Judgment and Breach of Contract Action, GEICO seeks a declaration that it has satisfied its obligations under the policies; in a counterclaim, Kusulas alleges that GEICO breached the policies by failing to pay pre-judgment interest. (Id. at 3-4.) Kusulas originally asserted a second counterclaim against GEICO for bad faith in the Declaratory Judgment and Breach of Contract Action, but withdrew that counterclaim without prejudice. (Id. at 4.) Kusulas thereafter filed a Complaint in New York Supreme Court, against GEICO and three of its employees, Alan Siegelwax, Paul Feinman, and Helen Indjeyiannis (the "Employees"), for bad faith. (See Verified Compl. by Assignee for Breach of the Duty to Settle and Breach of the Implied Covenant of Good Faith and Fair Dealing (the "Bad Faith Complaint") (Not. of Removal (Dkt. 1 in 15-CV-634), Ex. A (Dkt. 1-2)).) In the Bad Faith Complaint, Kusulas alleges, upon information and belief, that the Employees were charged by GEICO (their employer) with managing Kusulas's underlying personal injury action against Saco (the insured) (see id. ¶¶ 27-68), and alleges that GEICO and the Employees together failed, inter alia, to make reasonable attempts to settle the underlying claim (see, e.g., id. ¶¶ 111, 183-97).

GEICO removed the Bad Faith Action to this court, arguing that although the Employees and Kusulas are not diverse from each other, the Employees were fraudulently joined by Kusulas in order to destroy complete diversity, and therefore jurisdiction in this court is proper under 28 U.S.C. § 1332(a). (See Not. of Removal ¶¶ 3-4.) At a pre-motion conference, the court granted leave to Kusulas to file a motion to remand the Bad Faith Action to state court, as well as a motion to stay or dismiss the Declaratory Judgment and Breach of Contract Action on

---

[1] Unless otherwise noted, all docket citations are to entries in Case Number 12-CV-5633.

abstention grounds. (See Mar. 20, 2015, Min. Entry.) On April 29, 2015, Kusulas filed the fully briefed motions.[2] (See Not. of Mot. to Remand (Dkt. 15 in 15-CV-634); Not. of Mot. Seeking that the Court Stay or Dismiss (Dkt. 93); Kusulas's Mem. of Law in Supp. of Mot. to Remand and/or Abstain ("Kusulas Mem.") (Dkt. 93-1); GEICO's Mem. of Law in Opp'n to Mot. by Kusulas to Remand and/or Abstain ("GEICO Mem.") (Dkt. 94); Kusulas's Mem. of Law in Further Supp. of Mot. to Remand and/or Abstain ("Kusulas Reply") (Dkt. 95).)

## II. LEGAL STANDARD

The party opposing a motion to remand bears the burden of showing that the requirements for removal have been met. See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citing Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir. 1994)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citations omitted).

It is "axiomatic . . . that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978)). There is no dispute that if any of the Employees, as citizens of New York, are a proper party to the action, his or her presence destroys complete diversity, and thereby deprives this court of subject matter jurisdiction under 28 U.S.C. § 1332(a).

However, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998).

---

[2] Other than the notices of motion, which differ across the two cases, the parties filed identical briefs in each case.

"Under the doctrine of fraudulent joinder, 'courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court.'" Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 682 (E.D.N.Y. 2012) (quoting Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004)). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."[3] Pampillonia, 138 F.3d at 461 (footnote omitted). Put another way, "[j]oinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001) (internal quotation marks and citation omitted). The standard is high: "Any possibility of recovery, even if slim, militates against a finding of fraudulent joinder; only where there is 'no possibility' of recovery is such a finding warranted." Nemazee v. Premier, Inc., 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (citing Whitaker, 261 F.3d at 207). "The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461.

---

[3] A district court in In re Rezulin Products Liability Litigation held that the "no possibility" standard requires the defendant to show that there is "no reasonable possibility" of recovery or "no reasonable basis to predict liability." 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001). In so doing, the court observed that the "no possibility" language cannot be taken literally. Otherwise, a remand would be required in every case because there is always a remote possibility that a state might later reverse its law to allow claims that it had previously rejected. Id. That court's interpretation of the "no possibility" standard seems apt to the extent that it excludes the possibility of a state later reversing settled law or recognizing new, previously unrecognized claims. However, insofar as Rezulin suggests a more lenient standard, this court does not view it as an accurate statement of the law in this circuit. There is no reason to believe that the Second Circuit "inadvertently use[d] the language it did" when it articulated the fraudulent joinder standard. Arseneault v. Congoleum, No. 01-CV-0657 (LMM), 2002 WL 472256, at *5 n.4 (S.D.N.Y. Mar. 26, 2002) (questioning Rezulin). Indeed, the Second Circuit has continued to use the "no possibility" language in cases following Pampillonia. See, e.g., Briarpatch Ltd., 373 F.3d at 302; Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001).

4

Because this is a jurisdictional inquiry, a court can look beyond the face of the complaint in deciding a motion to remand. See Arseneault v. Congoleum, No. 01-CV-0657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002) (in deciding fraudulent joinder issue, looking outside the pleadings to depositions and other evidence in the record because "[t]he Second Circuit . . . has said that, on jurisdictional issues, 'federal courts may look outside [the] pleadings to other evidence in the record'") (quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)); see also Pampillonia, 138 F.3d at 461-62 (considering affidavit to determine whether defendant was fraudulently joined); In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 281-82 (S.D.N.Y. 2001) (same).

GEICO does not allege any outright fraud by Kusulas.[4] Therefore, the court now turns to the second ground for a finding of fraudulent joinder: whether it is possible that Kusulas may bring a bad faith claim against the Employees under New York State law.

### III. DISCUSSION

#### A. Fraudulent Joinder

In this case, Kusulas (the plaintiff in the underlying state court personal injury action) alleges that the Employees each had an obligation to evaluate the potential liability to Saco (the insured in the underlying state court personal injury action) and to authorize a resolution of the underlying claim. (See Bad Faith Compl. ¶¶ 27-68.) Kusulas claims that GEICO, through the Employees, failed to make reasonable efforts to settle the matter within GEICO's policy limits, thereby exposing Saco to the unreasonable risk of an adverse verdict. (Id. ¶¶ 100-21.) Kusulas

---

[4] GEICO brings to the court's attention that before removing the Bad Faith Action, it moved for sanctions against Kusulas in state court for filing a claim against the Employees. (See GEICO Mem. at 4-5.) However, this does not amount to, and GEICO does not so argue, an "outright fraud" committed by Kusulas in joining the Employees in the action.

5

further alleges that the Employees failed to timely and properly evaluate the matter and failed to communicate their evaluations to others at GEICO to the detriment of Saco. (Id. at ¶¶ 182-97.)

Under New York law, a claim against an insurer for bad faith is a claim for breach of contract, not a claim in tort. Pavia v. State Farm Mut. Auto. Ins. Co., 626 N.E.2d 24, 27 (N.Y. 1993) ("The duty of 'good faith' settlement is an implied obligation derived from the insurance contract." (citing Gordon v. Nationwide Mut. Ins. Co., 285 N.E.2d 849, 854 (N.Y. 1972))); see also New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 606 (2d Cir. 2003) ("New York appears to classify suits against insurance carriers for bad-faith refusals to settle . . . as contractual in nature." (citing Roldan v. Allstate Ins. Co., 544 N.Y.S.2d 359, 366 (App. Div. 1989))); Acquista v. N.Y. Life Ins. Co., 730 N.Y.S.2d 272, 278 (App. Div. 2001) (noting that "the duties and obligations of the parties [to an insurance policy] are contractual rather than fiduciary," and declining to adopt a tort cause of action for "bad faith" (internal quotation marks and citation omitted)).

In New York University v. Continental Insurance Co., the New York Court of Appeals distinguished its previous holding in Sommer v. Federal Signal Corp., 593 N.E.2d 1365 (N.Y. 1992)—where public policy concerns were found to give rise to a tort duty of due care in a contractual agreement concerning fire alarms—from the public policy concerns related to insurance contracts. 662 N.E.2d 763, 768 (N.Y. 1995). The court explained:

> [T]he provisions of the Insurance Law reflect State policy that insurers must deal fairly with their insureds and the public at large. But governing the conduct of insurers and protecting the fiscal interests of insureds is simply not in the same league as the protection of the personal safety of citizens. As compared to the fire-safety regulations cited in Sommer, the provisions of the Insurance Law are properly viewed as measures regulating the insurer's performance of its contractual obligations, as an adjunct to the contract, not as a legislative imposition of a separate duty of reasonable care. We recognized this in Rocanova when we held

> that Insurance Law § 2601 does not give rise to a private cause of action. If the statute does not permit a private right of action in favor of an insured, a fortiori, it cannot be construed to impose a tort duty of care flowing to the insured separate and apart from the insurance contract.

Id. at 768 (citations omitted); see also Manning v. Utils. Mut. Ins. Co., No. 98-CV-490 (RCC), 2004 WL 235256, at *4 (S.D.N.Y. Feb. 9, 2004) ("[T]he New York University court ultimately held that the contractual obligation of the insurance carrier to the insured did not give rise to a duty separate and apart from its duty to perform the contract."). Based on these precedents, the court concludes that the bad faith claim asserted by Kusulas against the Employees is a contract claim, and not a tort claim.

The New York Court of Appeals has firmly established the rule that "where there is a disclosed principal-agent relationship and the contract relates to a matter of the agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Mencher v. Weiss, 114 N.E.2d 177, 179 (N.Y. 1953) (citing Keskal v. Modrakowski, 164 N.E. 333 (N.Y. 1928)); see Ell Dee Clothing Co. v. Marsh, 160 N.E. 651 (N.Y. 1928); Hall v. Lauderdale, 46 N.Y. 70 (1871)); see also Savy Record Co. v. Cardinal Export Corp., 203 N.E.2d 206, 207 (N.Y. 1964). Accordingly, New York courts have held that employees and agents of insurance companies are not liable for an insurer's alleged breach of an insurance contract. See, e.g., Bardi v. Farmers Fire Ins. Co., 687 N.Y.S.2d 768, 772 (App. Div. 1999) ("As agents of a disclosed principal whose actions were undertaken at the direction of the insurer, the adjusters cannot be held personally responsible to plaintiffs . . . .");[5] Schunk v. N.Y. Cent. Mut. Fire Ins. Co., 655

---

[5] Kusulas argues that there is a possible claim against the Employees by distinguishing the present case from Bardi, and citing to Ryan v. Preferred Mutual Insurance Company, 834 N.Y.S.2d 338 (App. Div. 2007). (See Kusulas Reply at 4-5.) In Ryan, the court denied a motion to dismiss a claim against an insurance claims adjuster because the plaintiff had alleged facts sufficient to plead a cause of action for negligent misrepresentation. 834 N.Y.S.2d

7

N.Y.S.2d 210, 212 (App. Div. 1997) (holding that adjuster could not be held liable in a cause of action based on insurer's breach of implied covenant of good faith because adjuster was the agent of a disclosed principal); see also Youngs v. Sec. Mut. Ins. Co., 775 N.Y.S.2d 800, 801 (Sup. Ct. 2004) ("Because there was no contractual relationship between [the adjuster] and the insured, it follows that the absence of any other independent duty by [the adjuster] to the insured precludes an action against [the adjuster] individually.").[6]

In the instant case, none of the Employees signed the relevant insurance policies on behalf of GEICO. (See Insurance Policies (GEICO Mem., Ex. 4 (Dkt. 94-6)).) Furthermore, the Employees have declared that they had no involvement in the issuance of the underlying insurance policies, and did not enter into any agreements with Saco, the insured. (See Aff. of Paul Feinman (Dkt. 94-2) ¶¶ 8, 10; Aff. of Helen Indjeyiannis (Dkt. 94-3) ¶¶ 8, 10; Aff. of Alan Siegelwax (Dkt. 94-4) ¶¶ 8, 10.) Therefore, this court finds that Kusulas has failed to put forth "clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal." Mencher, 114 N.E.2d at 179; see also, e.g., New World Trading Co. v. Avshalomov, No. 11-CV-6219 (SAS), 2012 WL 4378055, at *4-5 (S.D.N.Y. Sept. 24, 2012) (dismissing breach of contract claim brought against individual acting as agent of corporate defendant, and noting that "[r]arely have New York courts imposed individual liability for the acts of an agent working for a disclosed principal" (footnote omitted)).

---

at 340. Unlike the plaintiff in Ryan, however, Kusulas does not allege a claim in tort, such as negligent misrepresentation. And unlike the plaintiff in Ryan, Kusulas does not allege that she (or Saco) was in privity with the Employees, or relied upon their representations to her detriment. See id.

[6] Kusulas cites to Young v. Nationwide Mutual Insurance Co., 801 N.Y.S.2d 827 (App. Div. 2005), to demonstrate that "as a matter of law, there is a possibility that the Employees can be liable." (Kusulas Mem. at 10.) Young is the inverse of this action. The plaintiff in Young sought to impute liability to the insurer through its employee; Kusulas seeks to impute liability to the Employees through GEICO. Furthermore, there was no bad faith action alleged in Young; rather, the claims against the attorneys were claims in tort for negligence and legal malpractice. Young does not demonstrate that an adjuster, whose actions were undertaken at the direction of an insurer, may be personally liable to an insured for bad faith.

Because (1) a bad faith claim against an insurer is a contract claim, and not a tort claim, under New York law; (2) an agent of a disclosed principal cannot be liable for the principal's breach of contract, and (3) Kusulas cannot allege that the Employees attempted to substitute or superadd their own personal liability for GEICO's, this court finds that GEICO has carried its "heavy burden" of showing that there is no possibility, based on the pleadings, that Kusulas can state a cause of action against the Employees.[7] The Employees were fraudulently joined, and this court properly has subject matter jurisdiction over the Bad Faith Action pursuant to 28 U.S.C. § 1332(a).[8]

B. Abstention

The court has previously exercised its discretion to entertain jurisdiction over the Declaratory Judgment and Breach of Contract Action, and has held that GEICO's claim for declaratory relief is justiciable. See Gov't Emps. Ins. Co. v. Saco, No. 12-CV-5633 (NGG) (MDG), 2014 WL 639419 (E.D.N.Y. Feb. 18, 2014). In her motion to stay, Kusulas argues that even if this court declined to remand the Bad Faith Action to state court, it should nonetheless stay or dismiss the Declaratory Judgment and Breach of Contract Action. (See Kusulas Mem.

---

[7] The court notes that GEICO argues in the alternative that Kusulas is unable to prevail on a claim against the Employees because any claims Saco may have possessed against the Employees were not properly assigned to Kusulas pursuant to the governing assignment agreement. (See GEICO Mem. at 12-13; see also Assignment of Cause of Action (Decl. of Michael Cassel, Esq. (Dkt. 93-2), Ex. C) ¶ 1 ("Assignor hereby irrevocably assigns to Assignee all causes of action Assignor may have against the insurer arising out of the policy in connection with the claim at issue . . . ." (emphasis added)).) The court need not reach this issue at this time, having already found that Kusulas is unable to prevail on a possible bad faith claim against the Employees.

[8] Kusulas argues that all of the defendants in an action must consent to removal within thirty days of the filing of the action for the removal to be effective. (See Kusulas Mem. at 12-13 (citing Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007)).) Kusulas argues that because the Employees neither filed a separate notice of removal nor joined GEICO's notice of removal, the action should be remanded. (Id.) The removal statute requires that "all defendants who have been properly joined and served must join in or consent to the removal of an action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). The very language of the statute exempts defendants who have been improperly joined. Furthermore, as GEICO observes, the case that Kusulas cites in support of this argument plainly makes an exception to the rule of unanimity for fraudulent joinder. Sherman, 528 F. Supp. 2d at 330 ("There are exceptions to this rule for defendants who have not been served, unknown defendants, and fraudulently joined defendants."). Therefore, the court rejects Kusulas's argument that remand is warranted because the Employees failed to file a notice of removal or join GEICO's notice of removal. Because the court finds that the Employees were fraudulently joined, GEICO's notice of removal was effective.

at 16-17.) In support of this proposition, Kusulas cites three cases, none of which are binding precedent on this court. See Reifer v. Westport Ins. Co., 751 F.3d 129, 143-50 (3d Cir. 2014); Am. Home Assurance Co. v. Babcock & Wilcox Co., No. 06-CV6506 (CAB), 2007 WL 4299847, at *6-8 (E.D.N.Y. Dec. 6, 2014); Cont'l Cas. Co. v. Duyzend, No. 13-CV-1508 (MJP), 2014 WL 34400, at *1 (W.D. Wash. Jan. 6, 2014).

Each of these cases is distinguishable. Both Reifer and American Home Assurance Co. involved solely declaratory judgment actions and did not involve any other claims for relief or counterclaims; here, the breach of contract and bad faith actions against GEICO are direct claims for relief over which this court has diversity jurisdiction. Furthermore, the court in American Home Assurance Co. referenced a pending state court case as a better and more effective means of resolving the underlying dispute, which is not applicable to this action. 2007 WL 4299847, at *7. Additionally, the court in Continental Casualty Co. ultimately denied the defendant's motion to dismiss or stay the proceeding, notwithstanding the court's observation that a parallel state court proceeding is perhaps not necessary in order for a federal court to abstain from hearing a dispute involving insurance contracts. 2014 WL 34400, at *4.

Accordingly, even if a federal court may abstain from exercising jurisdiction in the absence of a parallel state court proceeding, the court concludes that abstention is not warranted here, particularly because the court has previously exercised its jurisdiction over the declaratory judgment claim (indeed, the Declaratory Judgment and Breach of Contract Action has been pending in this court for almost three years), and because there are active counterclaims in this litigation based on diversity jurisdiction between Kusulas and GEICO.

## IV. CONCLUSION

For the reasons set forth above, Kusulas's motion to remand the Bad Faith Action (Dkt. 15 in 15-CV-634) is DENIED, and Kusulas's motion to stay or dismiss the Declaratory Judgment and Breach of Contract Action (Dkt. 93 in 12-CV-5633) is DENIED. The Clerk of Court is respectfully directed to terminate Alan Siegelwax, Paul Feinman, and Helen Indjeyiannis from Case Number 15-CV-634 (NGG) (MDG). Finally, as the Bad Faith Action and Declaratory Judgment and Breach of Contract Action involve common questions of law and fact (indeed, Kusulas previously asserted the bad faith claim as a counterclaim against GEICO in the first-filed action), the two actions are hereby consolidated for all further pre-trial proceedings, and if necessary, for trial. See Fed. R. Civ. P. 42(a).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 4, 2015

NICHOLAS G. GARAUFIS
United States District Judge