```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

GOVERNMENT EMPLOYEES INSURANCE CO.,          ORDER
                    Plaintiff,
         - against -                    2012-cv-5633 (NGG)(CLP)

DIANE SACO, et al.,
                    Defendants.
- - - - - - - - - - - - - - - - - -X

SUZANNE KUSULAS,
                    Plaintiff,    2015-cv-634 (NGG)(CLP)
         - against -

GOVERNMENT EMPLOYEES INSURANCE CO., et
al.,
                    Defendants.

- - - - - - - - - - - - - - - - - -X
```

In these two consolidated actions, the parties assert claims involving two insurance policies issued by Government Employees Insurance Company ("GEICO") to Diane Saco ("Saco"), who was found liable in a state tort action for injuries sustained by Suzanne Kusulas ("Kusulas") in an automobile accident. In the first action (12-cv-5633, the "GEICO Action"), GEICO seeks a declaration as to the rights and obligations of the parties under the two policies and Kusulas has filed a counterclaim for pre-judgment interest from the date that a state court granted summary judgment in her favor against Saco. In the second action (15-cv-634, the "Kusulas Action"), Kusulas, who now holds claims against GEICO that Saco assigned to her, asserts a bad faith claim against GEICO and seeks

recovery of damages beyond the limits of the two policies.

Kusulas has moved to compel production of certain entries contained on GEICO's activity log ("A-log"), which GEICO redacted and identified on its privilege log. See DE 112 in 12-cv-5633; DE 23 in 15-cv-634. For the following reasons, the motion is denied.

BACKGROUND

In her motion, Kusulas seeks production of certain redacted activity log entries inputted by GEICO employees and listed by GEICO on its privilege log bearing Bates numbered pages GEICO 44 - GEICO 51, which were made between February 2011 and April 2011, and entries contained on Bates numbered pages GEICO 100 - GEICO 105, which were made in October 2010. Many of the those entries were the subject of an order issued in the GEICO Action in which this Court granted in large part GEICO's motion for a protective order. See Order dated Sept. 30, 2014 (GEICO Action, DE 64) (the "Prior Order"). In the Prior Order, this Court discussed whether work product protection should be accorded to 72 A-log entries contained on Bates numbered pages GEICO 44 - GEICO 64 and GEICO 104-GEICO 105. These A-log entries represented a sampling of disputed entries from three different time periods which the parties agreed to submit to the Court for review in connection with the motion for a protective order. See id. at 1; Affidavit (of Diane K. Kanca) in Support of the Motion for a Protective Order and Exhs. A and B, DE 39-1 at ¶¶ 33-39; DE 39-2; DE 30-3. As to the time periods corresponding to the two periods at issue in Kusulas's current

motion, this Court ruled that most of the entries were entitled to protection as work product because they were records reflecting steps taken in anticipation of litigation in response to bad faith letters sent by defendants' attorneys. See Prior Order at 5, 6. Specifically, this Court found privileged the A-log entries numbered from 1 through 43, which were created between April 7, 2011 and April 18, 2011 and contained on GEICO 44 - GEICO 47, except for 1, 2, 39, 42, and 43 and part of 3; and A-log entries numbered 65 through 72, except for 66, which were created between October 18, 2010 to October 19, 2010[1] and contained on GEICO 104-105.  In addition, this Court found that most of the A-log entries numbered 44 through 64 created between February 21, 2011 and February 23, 2011 and contained on Bates numbered pages GEICO 58 - GEICO 59 were also protectable work product. See id. at 6.  This Court also found that Kusulas and Saco failed to demonstrate a "substantial need" for the A-log entries sufficient to overcome work product protection. See id. at 5, 6.  This Court thus required GEICO to produce the entries found not to be protected as work product and directed GEICO to review the other entries on its privilege log to determine whether any of those entries should be disclosed in light of the discussion in the order. See id. at 6.

After issuance of the Prior Order, discovery proceeded.  No party filed objections to the Prior Order or subsequently sought

---

[1] This Court incorrectly stated in the Prior Order that these entries were made between February 21, 2011 and February 23, 2011, contrary to the October 2010 dates reflected in the partial privilege logs submitted.  See DE 39-2 and 39-3.

-3-

consideration of other log entries on GEICO's privilege log.  The parties reported at a conference on June 23, 2015 that fact discovery was largely complete and at a conference on November 17, 2015 that all discovery had been completed, except for additional discovery sought by Kusulas.  See minute entries for conferences on 6/23/2015 and 11/17/2015.  Kusulas followed with a motion (DE 103) for an extension of discovery with respect to a document previously produced, which this Court denied by order filed on December 21, 2015.  DE 105.

Judge Garaufis subsequently gave the parties leave to file cross motions for summary judgment and required that moving papers be served by March 11, 2016.  Kusulas filed the instant motion to compel on March 30, 2016.

DISCUSSION

As discussed in two earlier discovery orders in this action, Rule 26(b)(3)(A) provides that work product can be discovered if it is (i) otherwise discoverable under Rule 26(b)(1) and (ii) "the party shows that it has substantial need for the materials to prepare the case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Kusulas argues that although this Court ruled in the Prior Order that she had not demonstrated a "substantial need" for the redacted A-log entries, the impeachment value of the redacted portions of the A-log is now sufficient to pierce the work product privilege.  She argues that those entries can be used to impeach statements made by Helen

Indjeyiannis, a GEICO employee.

Kusulas cites Johnson v. Bryco Arms, No. 02 CV 3029, 2005 WL 469612, at *4 (E.D.N.Y. Mar. 1, 2005) for the proposition that "impeachment material can, in some circumstances, support a claim of substantial need sufficient to pierce a claim of work-product protection." The court also noted that "relevancy alone is not enough to establish substantial need," but that "substantial need is shown where the work product material at issue is central to the substantive claims in litigation." Id. (quoting Madanes v. Madanes, 199 F.R.D. 135, 150 (S.D.N.Y. 2001)). However, in discussing what circumstances might support a claim of substantial need, the Johnson court cited Varuzza by Zarrillo v. Bulk Materials, Inc., 169 F.R.D. 254, 257 (N.D.N.Y. 1996). In Varuzza, the court found that plaintiff had demonstrated substantial need for a prior written statement provided to an investigator by a central witness since the document would provide plaintiffs with a critical piece of impeachment material, particularly when the witness's subsequent depositions suggested inconsistencies or gaps in the witness's memory. Id.

Kusulas contends that the entries she seeks can be used to impeach Helen Indjeyiannis regarding her testimony as to why GEICO never increased its settlement offer above $300,000 or authority above $450,000, even though she had requested authority up to $800,000. Kusulas claims this testimony is inconsistent with the statements of Paul Feinman, a claims manager for GEICO, in an affidavit filed in support of GEICO's motion for summary judgment

-5-

that, at that time, GEICO would only increase its offer of $300,000 if Kusulas lowered her demand. See DE 112-1 at ¶¶ 26, 72 ("Feinman Aff."). In addition, Kusulas claims Ms. Indjeyiannis gave conflicting deposition testimony when she testified that she believed the attorney handling negotiations for GEICO (Mr. Nelson) did not extend an offer of $450,000 because he did not "believe it would settle the case." DE 112-2 at 5. Kusulas maintains that the statements and testimony are contradictory and that the information contained in the redacted portions of the A-log could impeach Ms. Indejeyiannis. Kusulas also argues that the A-log entries for October 2010 do not reflect several meetings that Indjeyiannis stated in her affidavit (DE 112, Ex. C at ¶ 27) occurred after a meeting in October 2010, and that she needs the A-log to verify Indjeyiannis' account.

As a preliminary matter, although Kusulas tries to fashion her motion as one triggered by Feinman's affidavit submitted by GEICO in connection with the pending motions for summary judgment, this Court notes that Feinman's statements in his affidavit are hardly surprising in this sort of case involving insurance coverage. More importantly, Kusulas had the opportunity to depose Mr. Feinman, Ms. Indjeyiannis and other GEICO employees almost a year before her instant motion. Thus, even assuming that the redacted entries contained the impeachment information sought by Kusulas, she has not provided a persuasive reason why she has been impeded in discovery so as to require the protected entries. See Brock v. Frank V. Panzarino, Inc., 109 F.R.D. 157, 160 (E.D.N.Y. 1986) (fact

work product material ordinarily should be protected "if the party seeking discovery is able to obtain the desired information by taking the deposition of witnesses;"); see also A.I.A. Holdings, S.A. v. Lehman Bros., No. 97 CIV. 4978, 2002 WL 31385824, at *9 (S.D.N.Y. Oct. 21, 2002), supplemented sub nom. A.I.A. Holdings v. Lehman Bro., Inc., No. 97 CIV. 4978, 2002 WL 31556382 (S.D.N.Y. Nov. 15, 2002).

Importantly, because the parties have previously litigated and this Court ruled as to whether many of the entries should be protected from disclosure, the law of the case applies absent a showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

To the extent that Kusulas is claiming that new evidence in the deposition testimony of Indeyjiannis and affidavit of Feinman warrants reconsideration, such evidence does not change this Court's view expressed in the Prior Order that the protected entries at issue simply do not concern valuation, strategy, or the substance of any offer by GEICO. None of the entries from April 7, 2011 to April 18, 2011 even discuss the motivation or strategy for valuation of any offer or the overall value of the case. They are clerical notations that reflect that Feinman approved certain correspondence to be sent to Kusulas and Saco, and neither discuss the content of those letters nor mention numbers, valuation, or strategy.

Nor does this Court find that the statements of Indjeyiannis and Feinman are inconsistent. Feinman states that they (GEICO) were waiting for Kusulas to lower her demand before increasing GEICO's offer while Indjeyiannis expressed her belief that Feinman thought that $450,000 would "not settle the case." This is consistent with Feinman's testimony that he believed that an offer of $450,000 at that time would not be accepted and he wanted to wait until Kusulas lowered her demand. This account is supported by the deposition of Alan Siegelwax, a claims evaluator who GEICO designated as its corporate representative. See DE 113-2.

Kusulas also claims that the log entries would contradict Indjeyiannis' statement in her affidavit, DE 112, Ex. C ("Indjeyiannis Aff.") at ¶ 27, that she "met with Feinman and supervisors at the regional office several times to discuss the underlying case after the October 2010 meeting." Again, in that statement, Indjeyiannis is merely stating there were meetings after October 2010, not that they all occurred in October 2010, as Kusulas argues.

Even if Kusulas could demonstrate that the "new evidence" warrants reconsideration of the Prior Order, she has not demonstrated that the information contained in the redacted log entries is "central" to the substantive claims in this action. Since the entries reviewed contain no discussion of valuation of the case or other information which would support a bad faith claim, the material is not "central" to the issues in this case.

Kusulas's interest in the impeachment value of the statement

in the Indjeyiannis affidavit regarding "multiple" meetings taking place in October 2010 is misplaced. The plain meaning of Ms. Indjeyiannis' statement is not that "multiple" meetings all took place in October 2010, but after that time. Even if the redacted entries provided information about the number and timing of meetings, such information is not "central" to the substantive claims in this action and is not sufficient to warrant reconsideration of the Prior Order.

Given the foregoing findings, the Court need not reach the issue of whether Kusulas can obtain the substantial equivalent without undue hardship. In fact, Kusulas <u>has</u> been able to depose Indjeyiannis and other GEICO employees, including claims manager Alan Siegelwax, to verify GEICO's strategy and whether certain meetings took place. Thus, Kusulas had ample opportunity to conduct discovery regarding any matter discussed in the A-log entries.

In short, this Court finds that Kusulas has presented no reason to overturn the findings in the Prior Order.

However, this Court has not examined the redacted log entries contained in Bates numbered pages GEICO 41-GEICO 43, GEICO 48-GEICO 51, and GEICO 100-GEICO 103. Since the entries for these other pages appear to be the same time periods covered by the Prior Order, Kusulas offers no reason why she did not appeal the Prior Order or move for further rulings by the Court after GEICO produced the documents and reviewed other entries, as required by the Prior Order. She also did not promptly seek review after the depositions

of GEICO employees were completed in May or June 2015. In any event, since the entries sought are for impeachment purposes, this Court declines to conduct a further review at this juncture in light of the pending motions for summary judgment.

## CONCLUSION

For the foregoing reasons, the motion to compel (DE 112 in the GEICO, DE 23 in Kusulas Action) of Kusulas is denied. Denial of the motion is without prejudice as to the log entries on Bates numbered pages GEICO 41-GEICO 43, GEICO 48-GEICO 51, and GEICO 100-GEICO 103, which this Court did not previously review. However, Kusulas is warned that should she file a further motion to compel after determination of the summary judgment motions, she must be prepared to explain why she is entitled to disclosure after having had the opportunity to conduct depositions.

**SO ORDERED.**

Dated: Brooklyn, New York
March 28, 2017

_____/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

.