UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

           Plaintiff,

-against-

DIANE SACO and FRANK A. SALANDRA, as the Administrator for the Estate of Suzanne Kusulas,

           Defendants.

FRANK A. SALANDRA, as the Administrator for the Estate of Suzanne Kusulas, as assignee of the rights of DIANE SACO,

           Plaintiff,

-against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ALAN SIEGEL WAX, PAUL FEINMAN and HELEN INDJEYIANNIS,

           Defendants.

**MEMORANDUM & ORDER**
12-cv-5633 (NGG) (ST)

15-cv-634 (NGG) (ST)

NICHOLAS G. GARAUFIS, United States District Judge.

This consolidated action concerns a long-running dispute between the Government Employees Insurance Company ("GEICO") and Frank A. Salandra—in his capacity as administrator of the estate of Suzanne Kusulas (the "Estate")—stemming from a February 23, 2006 car accident between Kusulas and GEICO-insured driver Diane Saco. Noticing a disagreement in the parties Joint Pre-Trial Order ("JPTO") as to whether this case is to be tried by a jury, the court ordered the parties to submit briefing on that question. (Nov. 15, 2018 Order.) Now before the court are the parties' cross-motions on this issue. (*See* GEICO Mot. to Strike Demand for Jury Trial ("GEICO Mot.") (Dkt.

1

153)[1]; Mem. in Supp. of GEICO Mot. ("Mem.") (Dkt. 154); Estate Opp. to GEICO Mot. & Cross Mot. to File Jury Demand ("Estate Mot.") (Dkt. 166); Mem. in Opp. to GEICO Mot. and in Supp. of Cross Mot. ("Opp.") (Dkt. 166); GEICO Reply (Dkt. 169).) For the following reasons, GEICO's motion is DENIED and the Estate's cross-motion to file a jury demand is GRANTED.

## I. BACKGROUND

The court assumes familiarity of the facts in this case which have been discussed in further detail in the court's prior opinions. (*See* Mar. 30, 2017, Mem. & Order at 2-4 ("2017 M&O") (Dkt. 133); Dec. 10, 2018, Mem. & Order at 3-4 ("2018 M&O") (Dkt. 157).) The following supplements the facts of the case as necessary to decide GEICO's motion and the Estate's cross-motion currently before the court.

In 2007, Kusulas instituted an action against Saco in Kings County Supreme Court (the "Underlying Action"). In 2010, the state court granted Kusulas's motion for summary judgment as to liability, holding that Saco was fully liable for Kusulas's injuries resulting from the automobile accident; after a damages trial, a jury awarded Kusulas $3,369,066.75 in compensatory damages. Saco, who held insurance policies issued by GEICO, demanded that GEICO pay the full award. GEICO then sought a declaratory judgment from this court (the "Declaratory Judgment Action") that (1) GEICO was not required to make any payments in excess of the limits on the GEICO policies (the "Policies") held by Saco; (2) the Policies do not require payment for Saco's personal attorneys' fees, and (3) GEICO is not subject to any claim for bad faith in relation to its obligation to Saco. (*See* Comp. (Dkt. 1).) In her Answer, Kusulas—to whom Saco assigned her rights against GEICO—included two counterclaims: that (1) GEICO breached

---

[1] Unless otherwise noted, citations to the docket refer to the earlier-filed of the consolidated actions, No. 12-cv-5633.

its contract in failing to tender to Saco the full policy limits plus prejudgment interest on that amount; and (2) GEICO acted in bad faith towards Saco in its failure to settle the Underlying Action. (*See* Kusulas Answer (Dkt. 51) at 11.) Kusulas's Answer also included a jury demand. (*Id.*)

On November 19, 2014, Kusulas withdrew her bad faith claim (Nov. 19, 2014 Min. Entry), which she subsequently brought as a separate action in New York state court (the "Bad Faith Action"). That action was subsequently removed to this court (*see* Not. of Removal (Dkt. 1), No. 15-cv-634, ¶¶ 3-4), and consolidated with the Declaratory Judgment Action (Aug. 4, 2015 Order (Dkt. 99)). At no point did Kusulas make a jury demand in the Bad Faith Action. In 2017, following cross-motions for summary judgment, this court concluded that GEICO was entitled to summary judgment on Kusulas's breach of contract counterclaim as to its liability for prejudgment interest in excess of the policy limits, but denied GEICO's motion for summary judgment as to whether it discharged its duty of good faith. (*See* 2017 M&O at 21.)

The parties submitted a JPTO in preparation for trial which evinced a disagreement as to whether this case will be tried to a jury. (*See* JPTO (Dkt. 152). at 7-8.) The court ordered the parties to brief the issue, and those cross-motions are now before the court.

## II. DISCUSSION

GEICO argues that the Bad Faith Action should not be tried to a jury for two reasons. First, GEICO argues that the Estate has never served a demand for a jury trial in the Bad Faith Action and the time to do so under New York law has since passed. GEICO further argues that the Estate would not prevail in obtaining leave to file a late jury demand under New York law. (*See* Mem. at 3-7.) Second, GEICO argues that the jury demand asserted in

Kusulas's Answer is no longer valid because (1) Kusulas withdrew her bad faith counterclaim and (2) this court granted summary judgment in favor of GEICO on Kusulas's breach of contract counterclaim. And, regardless, GEICO asserts that the allegations in the Declaratory Judgment Action and the Bad Faith Action differ in significant degree such that the Estate was required to file a separate jury demand in the Bad Faith Action. (*Id.* at 8-9.)

The court finds that the Estate should be granted leave to file a late jury demand in the Bad Faith Action. As such, the court need not—and does not—address GEICO's argument about the status of the Declaratory Judgment Action jury demand.

### A.  Relevant Law

Federal Rule of Civil Procedure 81 governs jury demands in removal actions. Rule 81 provides that in cases where the plaintiff requested a jury before the removal and in compliance with state law, the right to a jury trial is preserved without an additional request in federal court. Fed. R. Civ. P. 81(c)(3)(A). In cases where the state law does not require the parties to expressly request a jury trial, the right to a jury trial is preserved unless the federal court orders that the parties make an affirmative request. *Id.* Lastly, in cases where all responsive pleadings were served before the removal and neither party filed a jury demand as required by state law, a party may nonetheless preserve her right to a jury trial by making the demand within fourteen days after she files (or is served with) the removal petition. Fed. R. Civ. P. 81(c)(3)(B). None of those provisions, however, applies to the Bad Faith Action: the Estate did not request a jury trial in state court and New York requires a party to expressly make such a request. *See* N.Y. C.P.L.R. § 4102(a). In addition, GEICO answered the complaint in the Bad Faith Action after removal, making Rule 81(c)(3)(B) inapplicable.

When, as here, a removed case does not fall under Rule 81, courts look to Rules 38 and 39, which govern jury demands in federal courts. Under Rule 38(b), a party seeking a jury trial must serve its demand within fourteen days after service of the last pleading. Fed. R. Civ. P. 38(b). If the party fails to make a timely jury request, Rule 38(d) states that the party has waived its right to a jury trial. Fed. R. Civ. P. 38(d). Rule 39, however, governs untimely requests for a jury. Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). Addressing cases removed from New York state court, the Second Circuit in *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389 (2d Cir. 1983), explained that while a court "may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some 'play in the joints' for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him." *Id.* at 392.[2] *Cascone* relied on the Second Circuit's decision in *Higgins v. Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975), explaining that "*Higgins* . . . weighed a number of factors," when analyzing whether a court should grant a late application for a jury demand in cases removed from New York courts. *Id.* The court further explained that courts should approach each such untimely jury demand with "an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceieved notion that applications of this kind are usually to be denied." *Id.*

In light of *Higgins* and *Cascone*, district courts in New York have looked to several factors when deciding if late jury demands in removal cases should be granted. These factors include: whether

---

[2] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

5

the case is one that is traditionally tried by a jury; whether the parties assumed that the matter would not be tried by a judge; whether granting a jury trial would prejudice the rights of the adverse party; and the customary state practice, *i.e.* whether state law would have allowed a jury trial demand late in the proceedings and whether state law grants judges discretion to allow such late demands. *See Rupolo v. Oshkosh Truck Corp.*, 749 F. Supp. 2d 31, 47 (E.D.N.Y. 2010) (collecting cases).

### B. Application

Applying those factors here, the court finds that the Estate should be granted leave to file a late jury demand.

First, bad faith claims are traditionally tried by a jury. *See* N.Y. C.P.L.R. § 4101(1); *see also* David D. Siegel, N.Y. Practice § 377 (4th ed.) (explaining that N.Y. C.P.L.R. 4101 requires a jury for "actions evolved through the common law courts, as opposed to those developed in equity."); N.Y. Pattern Jury Instruction 4:67 (listing factors for jury to consider in bad faith settlement or failure to settle claims).

Second, the parties aver different expectations about whether the Bad Faith Action was to be tried by a judge or jury (*see generally* JPTO); as such, this factor is neutral. *See Rupolo*, 749 F. Supp. 2d at 48 (finding party-expectation factor neutral where parties did not share a common assumption about whether case would be tried to a jury).

Third, GEICO has failed to demonstrate how it would be prejudiced by the Estate's late demand. "[P]rejudice to the adverse party is the most important or significant" factor. *Rupolo*, 749 F. Supp. 2d at 47. The relevant "inquiry is not whether [GEICO] will be prejudiced by a jury trial, but whether [GEICO] will suffer prejudice as a result of the *late demand* for a jury trial." *Janetos v. Home Depot U.S.A., Inc.*, No. 09-cv-1025 (AKT), 2012 WL

4364510, at *4 (E.D.N.Y. Sept. 25, 2012). A party claiming prejudice must detail with specificity how it will suffer as a result of the late demand. *See id.* at *5 (requiring "a party claiming prejudice to make a specific demonstration of prejudice"); *see also Turkenitz v. Metromotion, Inc.*, No. 97-cv-2513 (AJP) (JGK), 1997 WL 773713, at *8 (S.D.N.Y. Dec. 12, 1997) ("[C]onclusory assertion[s] of prejudice [are] not sufficient.").

Here, GEICO has failed to demonstrate how it would be prejudiced by the Estate's late demand. In fact, GEICO only asserts generic statements that "no jury demand has ever been made, which led GEICO to believe that the Estate had chosen to forgo a jury trial" and "a significant delay in seeking to file a demand for a jury trial can provide a basis for establishing prejudice." (*See* Mem. at 6-7.) GEICO's reliance on *Ammirato v. Duraclean Int'l, Inc.*, No. 07-cv-5204 (ARL), 2009 WL 3823342, at *2 (E.D.N.Y. Nov. 16, 2009) is misplaced. In that case, the court held that the defendant successfully demonstrated that it would be prejudiced by a late jury demand because it had declined to depose witnesses due to its belief that the case would tried before a judge. *Id.* Contrary to the defendant in *Ammirato*, GEICO has failed to specify how its trial strategy would be prejudiced in any way if the court were to allow the Estate to file a late jury demand. *See, e.g., Encarnacion v. Isabella Geriatric Ctr.*, No. 11-cv-3757 (GHW) (JCF), 2014 WL 4494160, at *4 (S.D.N.Y. Sept. 11, 2004) (generic representations that litigation strategy would have been handled differently had defendant known plaintiff would seek jury trial lacked requisite specificity to demonstrate prejudice); *see also Luna v. American Airlines*, No. 04-cv-1803 (MHD), 2010 WL 4159402, at *4-5 (S.D.N.Y. Oct. 12, 2010) (finding implausible defendants' unexplained assertion that they would suffer prejudice because their attorney tailored the presentation of evidence to be received by a court, not a jury). Nor does GEICO explain how the simple passage of time demonstrates prejudice. This is especially true in this case: because no trial date has been

set—and, given the current COVID-19 pandemic,[3] one will not likely be set in the near term—GEICO will have ample time to prepare to try this case before a jury. *See Janetos*, 2012 WL 4364510, at *5.

Finally, granting the Estate leave to file a late jury demand accords with customary New York practice. New York law provides that a jury demand is to be filed with a note of issue, *see* N.Y. C.P.L.R. § 4102(a), but does not specify the time by which the note must be filed; indeed, a party may request a jury up until the point at which a case is actually ready for trial. *See Cascone*, 702 F.2d at 391. In addition, state judges retain broad discretion to permit late jury demands absent undue prejudice. *See* N.Y. C.P.L.R. § 4102(e); *see also Cascone*, 702 F.2d at 391 (referring to § 4102(e) as "a broad grant of discretionary power."). In other words, New York state practice affords both an extended window for timely jury demands and broad discretion for granting untimely demands such as the Estate's in this case.

Accordingly, and in light of the more lenient standard that governs cases removed from state court and the fact that "courts [should] indulge every reasonable presumption against waiver" of the right to a jury trial, *Janetos*, 2012 WL 4364510, at *6 (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)), the court finds the totality of circumstances favors granting the Estate's motion to file a jury demand.

---

[3] *See In Re: Coronavirus/COVID 19 Pandemic* (E.D.N.Y. Admin. Order No. 2020-20).

### III. CONCLUSION

For the foregoing reasons, GEICO's (Dkt. 153) motion to strike demand for a jury trial is DENIED. The Estate's (Dkt. 166) cross-motion to file a jury demand is GRANTED. The Estate shall file a jury demand within thirty (30) days of this Order.

SO ORDERED.

Dated:   Brooklyn, New York
         June 22, 2020

                                         /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge