UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────
GOVERNMENT EMPLOYEES INSURANCE
COMPANY,

               Plaintiff,

     -against-

DIANE SACO and FRANK A. SALANDRA, as the Administrator for the Estate of Suzanne Kusulas,

               Defendants.
─────────────────────────────────────
FRANK A. SALANDRA, as the Administrator for the Estate of Suzanne Kusulas, as assignee of the rights of DIANE SACO,

               Plaintiff,

     -against-

GOVERNMENT EMPLOYEES INSURANCE COMPANY, ALAN SIEGEL WAX, PAUL FEINMAN and HELEN INDJEYIANNIS,

               Defendants.
─────────────────────────────────────

**MEMORANDUM & ORDER**
**12-CV-5633 (NGG) (ST)**

**15-CV-634 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Trial nears in this long-running dispute between the Government Employees Insurance Company ("GEICO") and Frank A. Salandra—in his capacity as administrator of the estate of Suzanne Kusulas—stemming from a 2006 car accident between Kusulas and GEICO-insured driver Diane Saco.

Before the court are the parties' motions *in limine* to preclude certain evidence at trial. The Estate moves to preclude evidence of the assignment by Saco (the insured) to the Estate. (*See* Kusulas Estate's Mot. in Lim. (Dkt. 175).) GEICO moves to preclude (1) evidence regarding GEICO's wealth or financial condition, and (2) evidence that GEICO failed to inform Saco of Kusulas's

1

settlement demands made during the underlying damages trial or that Saco could personally contribute to meet those settlement demands. (GEICO's Mot. in Lim. (Dkt. 177-1).)[1]

For the reasons that follow, the Kusulas Estate's motion to preclude is DENIED, and GEICO's motion to preclude is GRANTED in part and DENIED in part.

## I. BACKGROUND

The court assumes familiarity of the facts which have been discussed in further detail in the court's prior opinions. (*See* Mar. 30, 2017, Mem. & Order (Dkt. 133); Dec. 10, 2018, Mem. & Order (Dkt. 157); June 22, 2020 Mem & Order (Dkt. 171).) The following provides the facts necessary to decide the pending motions.

In 2006, Diane Saco crashed into a car in which Suzanne Kusulas was a passenger. At the time of the accident, Saco held two insurance policies issued by GEICO: an auto policy with a $300,000 limit, and a personal umbrella policy with a $1 million limit. A year later, Kusulas instituted an action against Saco in Kings County Supreme Court.

In 2010, the state court granted Kusulas's motion for summary judgment as to liability, holding that Saco was fully liable for Kusulas's injuries resulting from the car accident. At some point

---

[1] GEICO also moved to preclude all evidence of (1) Saco's emotional distress or physical injury damages; (2) bad acts of Wayne Kerness, M.D.; (3) arguments to "send a message," be the "conscience of the community," or follow the "Golden Rule"; and (4) Helen Kusulas's purported intent to accept the GEICO policy limits after September 15, 2011. (*See* GEICO's Mot. in Lim. (Dkt. 177-1).). The Kusulas Estate responds that it does not intend to offer evidence or elicit testimony regarding any of those issues. (Kusulas Estate's Opp. to Mot. in Lim (Dkt. 178) at ECF pp. 1-2). GEICO's motion is therefore granted as to those unopposed issues. Should these issues arise at trial, the court may revisit them then. Luce, 469 U.S. at 41-42.

after this decision, Saco retained counsel to represent her personal interests in the matter. The state court proceeded with a damages trial in February 2012, where a jury awarded Kusulas $3,369,066.75 in compensatory damages.

Saco demanded that GEICO pay the full jury award. GEICO then sought a declaratory judgment from this court on several grounds, including that GEICO is not subject to any claim for bad faith in relation to its obligation to Saco. In her answer, Kusulas—to whom Saco had, by this point, assigned her rights against GEICO in exchange for a release from judgment—asserted counterclaims, including that GEICO acted in bad faith towards Saco in its failure to settle the underlying action.

From the start of the underlying action through return of the jury verdict, the parties engaged in on-and-off settlement discussions, all of which ultimately failed. The jury trial scheduled to begin on January 24, 2022, will consider whether GEICO acted in bad faith toward Saco in its negotiations during the underlying personal injury action.

## II. STANDARD OF REVIEW

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon N.Y., Inc.*, No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).[2] "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, a district court's ruling on a motion *in limine* is "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

3

party bears the burden of establishing that evidence is inadmissible and thus excludable. *See United States v. Pugh*, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

### III. THE KUSULAS ESTATE'S MOTION *IN LIMINE*

The Kusulas Estate moves to preclude any evidence that Diane Saco (the insured and a proposed trial witness) "will not be responsible to pay the judgment" based on the assignment of her bad faith claim against GEICO to Kusulas. (Kusulas Estate's Mot. in Lim. at 2.) That motion is denied.

The assignment of Saco's bad faith cause of action to Kusulas provides, in part, that the "Assignor shall . . . use her best efforts to assist and cooperate with Assignee to obtain a judgment against the insurer." (Assignment of Cause of Action (179-2) at ECF p. 4.) That contractual obligation bears on Saco's credibility as a witness even if she no longer maintains an economic interest in the action, and GEICO may therefore introduce the assignment to examine whether Saco maintains any bias, unconsciously or otherwise, against GEICO and in favor of the Estate. *See United States v. Abel*, 469 U.S. 45, 50-51 (1984); *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 519 (6th Cir. 2008); *see also Equal Emp. Opportunity Comm'n v. Karenkim, Inc.*, No. 08-CV-1019 (NAM) (DEP), 2011 WL 13352967, at *3-4 (N.D.N.Y. Jan. 10, 2011). Moreover, excluding evidence of the assignment risks confusing the jury as to the interested parties in this long-running dispute. The court sees no reason to needlessly generate head-scratching and speculation among the jurors.[3]

---

[3] The Estate is correct, however, that this is not a case about the assignment. Therefore, the Estate may object at trial should GEICO overreach in "flesh[ing] out" Saco's biases in favor of the Estate. (*See* GEICO's Opp. to Mot. in Lim. (Dkt. 179) at 7.) In addition, the Estate may preemptively propose an instruction for the jury explaining, or limiting, the effect of assignment.

## IV. GEICO'S MOTION *IN LIMINE*

### A. Financial Condition or Wealth

GEICO first moves to preclude evidence regarding GEICO's financial condition or wealth. That motion is granted.

The relevance of such evidence alleged by the Estate is outweighed by the danger of unfair prejudice to GEICO. Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note. Argument that an insurer chose not to settle a claim despite its overall wealth improperly suggests that a jury should find liability based upon that wealth.

The Kusulas Estate argues that GEICO's financial condition and wealth should come in as evidence, because one bad faith factor to consider is "the potential magnitude of damages and the financial burden each party may be exposed to as a result of a refusal to settle." *Pavia v. State Farm Mut. Auto. Ins. Co.*, 82 N.Y.2d 445, 454-55 (1993). True, financial risk is a bad faith factor, but the Estate overstates its scope. New York's Pattern Jury Instructions tether financial risk to the insurer's policy limit. *See* N.Y. Pattern Jury Instr. 4:67 (McKinney) ("the financial risk involved for [the insured] if the settlement was not made as compared with the risk *in relation to the limit of its policy* which [the insurer] ran if the settlement was not made") (emphasis added); *see also Taveras v. Am. Transit Ins. Co.*, 939 N.Y.S.2d 744 (Sup. Ct. 2011) ("compar[ing] [] the risk to defendant insurer in terms of the . . . . the two $100,000 policies of its insureds"). Under that standard, the applicable risk comparator for GEICO is

5

the $1.3 million policy limit of its insured (Saco), not its $28 billion in assets during the damages trial.[4]

### B. Failure to Inform Saco of Settlement Demands and Her Ability to Contribute to those Demands

GEICO next moves to preclude evidence that it failed to inform Diane Saco of Kusulas's settlement demands made during trial or that she could personally contribute to meet those settlement demands. That information is plainly relevant. "The failure of the insurer to keep its insured informed of settlement negotiations can constitute some evidence of bad faith." *Smith v. Gen. Acc. Ins. Co.*, 91 N.Y.2d 648, 653 (1998). But GEICO argues this information should be excluded because Saco retained personal counsel to represent her interests during the underlying case. That motion is denied.

Saco retained personal counsel, the law firm Silverstein Langer Newburgh & McElyea, LLP ("Silverstein"), to represent her uninsured interests. Silverstein communicated with GEICO as Saco's counsel as early as March 2011, about one year prior to the damages trial. (*See* Silverstein Ltr. to GEICO (Dkt. 177-2).) Silverstein also engaged in, or at least was a party to, settlement negotiations. For example, Block O'Toole & Murphy LLP, counsel for Kusulas (then for Ms. Kusulas, now for the Estate) copied Silverstein in its offer to GEICO to settle this action on August 30, 2011. (*See* Block O'Toole Ltr. to GEICO (Dkt. 177-3) at ECF p. 2.) In other words, all parties knew that Silverstein represented Saco and her interests in the matter.

To start, the Kusulas Estate may offer evidence that Silverstein was unaware of specific settlement offers and that GEICO failed to inform Silverstein of such settlement offers. In doing so, the

---

[4] Notwithstanding the Pattern Jury Instruction's reference to the insurer's policy limit, this decision does not address the admissibility of GEICO's financial loss reserves during the relevant time period.

Estate could produce evidence of industry custom and GEICO's own policies "to keep an insured abreast of settlement negotiations." *See Smith*, 91 N.Y.2d at 654-55. "This is not to say that this evidence establishe[s] bad faith, . . . . [h]owever, it [i]s evidence which the jury could appropriately consider along with other evidence of the defendant's bad faith." *Id.*

The Kusulas Estate may also offer evidence that GEICO failed to inform Saco, independent of Silverstein, of a settlement offer or that she could contribute to the settlement.[5] Whatever the effect of Saco retaining personal counsel may have had on the applicable rules of professional conduct, *see* N.Y. R. Prof. Conduct 4.2(a), it had none on the applicable rules of evidence. And so whatever the force the Estate thinks a purported failure to inform Saco as to settlement negotiations may have on GEICO's bad faith, it meets the low bar of relevance. GEICO may of course rebut that argument by, for instance, pointing to Silverstein's representation of Saco's interests, its involvement in settlement negotiations, its notice of settlement offers, and its experience in representing insured clients. A jury could readily comprehend and assess the force, if any, of such competing arguments.

## V.  CONCLUSION

The Kusulas Estate's motion to preclude any evidence of Diane Saco's assignment of her bad faith claim against GEICO to the Estate is DENIED.

---

[5] What the Estate may not do, however, as intimated in its briefing, is offer inadmissible legal conclusions about GEICO's purported duty as a matter of law to inform not only Silverstein of settlement offers, but Saco too, independent of her counsel. *See Smith*, 91 N.Y.2d at 654 ("[A]n insurer ordinarily has no unqualified duty to inform its insured of settlement offers such that the failure to do so establishes liability as matter of law.").

7

GEICO's unopposed motions to preclude certain evidence are GRANTED.

GEICO's motion to preclude any evidence of GEICO's overall financial condition or wealth is GRANTED.

GEICO's motion to preclude evidence that it failed to inform Saco or Saco's counsel of settlement offers or Saco's ability to contribute to her settlement is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         January 11, 2022

                                                                           /s/ Nicholas G. Garaufis
                                                                           NICHOLAS G. GARAUFIS
                                                                           United States District Judge